# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| In the Matter of: | |
| PAMELA G. LOWERY<br>SSN: XXX-XX-2762 | CASE NO. 10-81684-JAC-13 |
| | CHAPTER 13 |
| Debtor(s). | |
| JENKINS BRICK COMPANY | A.P. No. 10-80071-JAC |
| Plaintiff/Counterclaim Defendant<br>v. | |
| PAMELA LOWERY | |
| Defendant(s).<br>v. | |
| MITCHELL BROWN | |
| Counterclaim Defendant | |

## MEMORANDUM OPINION

On October 18, 2010, this case came before the Court on counterclaim defendant Mitchell Brown's motion to dismiss. This opinion supplements the findings of facts and conclusions of law dictated into the record in open court.

### I. BACKGROUND

On April 25, 2010, Pamela Lowery ("Lowery") filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code. As of the petition date, Lowery was employed by Jenkins Brick Company ("Jenkins Brick"). On May 27, 2010, Lowery left her job at Jenkins Brick and went to work for Building Plastics, Inc. ("BPI"), one of Jenkins Brick's suppliers.

Postpetition on June 21, 2010, Jenkins Brick filed a lawsuit against Lowery and BPI in the Circuit Court of Madison County, Alabama, styled: Jenkins Brick Company v. Pamela Lowery and Building Plastics, Inc., CV No. 10-919, seeking to enforce Lowery's non-compete agreement with a TRO. Mitchell Brown ("Brown"), Jenkins Brick's manager, personally verified the complaint.

On July 2, 2010, Jenkins Brick dismissed Lowery from the civil action after she invoked the automatic stay in Circuit Court.

On July 20, 2010, Jenkins Brick filed the above styled complaint against Lowery in this Court seeking a declaratory judgment determining that the non-compete agreement is not an executory contract that can be rejected by the debtor in bankruptcy.

On August 19, 2010, Lowery filed a counterclaim in the above styled case against Jenkins Brick and Brown alleging claims for willful and intentional violation of the automatic stay under 11 U.S.C. § 362(a). Lowery asserts that in May of 2010 she discussed her pending bankruptcy with virtually everyone in Jenkins Brick's Huntsville office and that her bankruptcy filing was common knowledge at Jenkins Brick. Lowery asserts that she specifically discussed her ongoing bankruptcy with Brown and that other employees discussed her bankruptcy filing with Brown in May and June of 2010. On June 8, 2010, Lowery asserts that Jenkins Brick employee Jeff Hardgrave sent an email to Brown trying to convince Brown that Jenkins Brick should not file a lawsuit against Lowery. The email specifically mentions the fact that Lowery has filed bankruptcy. On June 21, 2010, Lowery alleges that her bankruptcy attorney spoke with counsel for Jenkins Brick and specifically informed him that she was Lowery's bankruptcy counsel. Nevertheless, Lowery asserts that Jenkins Brick filed a complaint against Lowery in Circuit Court which Brown personally verified even though Brown had verbal and written notice of Lowery's pending bankruptcy.

On September 20, 2010, Brown, filed a motion to dismiss Lowery's counterclaims against him individually pursuant to FED. R. CIV. P. 12(b)(6).

## II. CONCLUSIONS OF LAW

When deciding a motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff and must accept all the factual allegations contained in the complaint as true. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must . . . contain enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 545, 570 (2007).

Section 362(a)(6) of the Bankruptcy Code prohibits "any act to collect, assess, or recover a claim" against a debtor. 11 U.S.C. § 362(a)(6). Brown argues that he was only acting as an agent for his employer, Jenkins Brick, when he verified the complaint against Lowery. He asserts that all claims against him are due to be dismissed because Lowery's counterclaim fails to state any violation Brown committed in his individual capacity. Lowery counters that Brown willfully violated the stay when, with knowledge of Lowery's pending bankruptcy, he personally verified the complaint against Lowery. Lowery's counterclaim does more than merely allege that Brown verified the complaint as an agent of Jenkins Brick. Lowery alleges that she specifically discussed her bankruptcy proceeding with Brown. She also alleges that other employees of Jenkins Brick discussed her bankruptcy with Brown in May and June of 2010 before Brown verified the complaint. Lowery further alleges that another employee sent an email to Brown before he verified the complaint in which the employee tried to convince Brown that Jenkins Brick should not file lawsuit against Lowery. The employee specifically referenced Lowery's bankruptcy filing in the email.

3

The Alabama Court of Civil Appeals has recognized a line of Alabama case law providing that "'[a] corporate agent who personally participates, albeit in his or her capacity as such agent, in a tort is personally liable for the tort.'" *Galactic Employer Services, Inc. v. McDorman*, 880 So.2d 434 (Ala. Civ. App. 2003). Under the responsible corporate officer doctrine, officers and directors or agents of a corporation are held personally liable for their active participation in an intentional tort. Consequently, the Court concludes that Lowery has made a "plausible" claim, that if proven would raise a right to relief above the speculative level for Brown's alleged willful and intentional violation of the automatic stay under 11 U.S.C. § 362(a)(6) as a joint tortfeasor. The arguments raised by Brown would be more appropriately raised at the summary judgment phase of this proceeding or at trial where the credibility of the witnesses may be adjudged. At this point Brown's argument is tenuous at best and the extent of his involvement in the alleged violation of the stay cannot be established until additional facts are ascertained.

A separate order will be entered consistent with this opinion.

**DONE and ORDERED** this date: October 21, 2010.

/s/ Jack Caddell
Jack Caddell
United States Bankruptcy Judge

JAC/mhb
xc: Debtor(s)
     Kevin Gray, attorney for Mitchell Brown
     D. Edward Starnes, III and Harold Mooty, attorneys for Pamela Lowery
     Taylor Brooks, attorney for Pamela Lowery
     Melissa Larsen, attorney for debtor
     Philip Geddes, trustee

4